**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMILIO GARCIA-LARA,

 Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

 Respondent.

No. 13-70638

Agency No. A087-041-379

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:  GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

 Emilio Garcia-Lara, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying adjustment of status.  We have jurisdiction

under 8 U.S.C. § 1252.  We review de novo questions of law.  *Garfias-Rodriguez*

---

 [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 702 F.3d 504, 512 n.6 (9th Cir. 2012) (en banc). We grant the petition for review and remand.

The agency erred in concluding that the holding in *Matter of Briones*, 24 I. & N. Dec. 355 (BIA 2007), applied retroactively to render Garcia-Lara ineligible to adjust status. *See Acosta-Olivarria v. Lynch*, 799 F.3d 1271, 1275-77 (9th Cir. 2015); *Garfias-Rodriguez*, 702 F.3d at 520 (holding that analysis under *Montgomery Ward & Co., Inc. v. FTC*, 691 F.2d 1322 (9th Cir. 1982), is necessary to determine retroactive effect of *Briones*). Like the petitioner in *Acosta-Olivarria v. Lynch*, Garcia-Lara applied for adjustment of status in the 21-month window between *Acosta v. Gonzales*, 439 F.3d 550 (9th Cir. 2006) (permitting adjustment of status for an alien inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I)), and *Briones*, when it was reasonable for Garcia-Lara to rely on our decision in *Acosta*. *See Acosta-Olivarria*, 799 F.3d at 1275-77. As there is no significant factual basis to distinguish Garcia-Lara's situation from the one presented in *Acosta-Olivarria* for purposes of applying *Montgomery Ward*, we conclude that the BIA's holding in *Briones* does not apply retroactively to bar Garcia-Lara's application for adjustment under 8 U.S.C. § 1255(i). Accordingly, we remand to the agency to adjudicate Garcia-Lara's application for adjustment of status under 8 U.S.C. § 1255(i).

13-70638

In light of this disposition, we do not reach Garcia-Lara's remaining contentions, and we deny the government's motion to remand as moot.

**PETITION FOR REVIEW GRANTED; REMANDED.**